YANCEY, RESPONDENT, v. PARK COUNTY, APPELLANT.

(No. 8,072.)

(Submitted July 1, 1940.   Decided September 27, 1940.)

[106 Pac. (2d) 349.]

Cause submitted on briefs of Counsel.

Mr. Harrison J. Freebourn, Attorney General; Mr. Lee Metcalf, Assistant Attorney General, and Mr. Earl C. Ammerman, County Attorney of Park County, for Appellant.

Mr. Vilroy C. Miller and Mr. Dan Yancey, for Respondent.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Defendant Park County appeals from an order or judgment by the district court directing the board of county commissioners thereof to annul an order disallowing plaintiff's claim for $500 and to allow and pay the same, and awarding plaintiff his costs in the action.

On the theory that Livingston township in Park county, for which he was a justice of the peace, had a population of more than 10,000 and not more than 20,000, plaintiff presented his claim for $125 as salary under section 4929, Revised Codes, for each of the months of February, March, April and May, 1939;

he filed therewith the affidavits of Joe C. Hinman and William Bechtel which set forth that at his request they had made an enumeration of the residents of the township during the two last named months, by calling at each place of residence and ascertaining from an occupant of each the correct number of persons residing therein. Hinman's affidavit stated that he had ascertained the number of residents on certain streets within the city and township of Livingston, itemizing them and setting forth the number of persons residing on each, and that the total number of residents on the streets canvassed by him was 2,725. Bechtel's affidavit itemized certain streets other than those included in Hinman's affidavit and also other portions of the township both within and without the city, gave the number of residents in each, and stated that the number in the portions canvassed by him was 8,214. Some of those portions and the number of residents found in each were given in the affidavit as follows: "Ebert Apartments, 78; Settlement in N. P. Yards, 70; All Streets north of the N. P. tracks within the city limits, 1520; Balance of West side excluding West Callender, West Lewis and West Clark and including 5-acre tracts, 2489; Sheffield's Island, 31; East Callender Street, 238; West Callender Street, 121; Callender Street between 2nd and B, 126; All of the rest of Township other than above enumerated and other than contained in enumeration of Joe C. Hinman, 2790."

The board of county commissioners disallowed the claim and plaintiff appealed to the district court in the summary manner provided by sections 4610 and 4611, Revised Codes, by serving notice and bond. The papers were filed with the clerk of the district court by the clerk of the board, and trial was had before the court after the parties by stipulation had waived jury trial and had agreed that during the months in question plaintiff had been a justice of the peace for Livingston township, Park county, Montana.

In addition to plaintiff's claim and the affidavits filed with the clerk of the board in support thereof, plaintiff presented the testimony of himself, the two enumerators, the county clerk and the county superintendent of schools. Hinman testified that

if he found no one at home, which happened in not more than six instances, he inquired of someone at the next house; and that the average family contained four or five persons. Bechtel testified to the same effect, though without stating in how many instances he found no one present and therefore inquired next door; that he had by error counted the residents of one precinct twice, and that the number shown in his affidavit should be reduced to 8,040; that he did not know whether there was any overlapping between his enumeration and that of Hinman. Plaintiff testified that he had directed the work of Hinman and Bechtel and had indicated what portions of the township each was to canvass; when asked if he knew whether the separate enumerations by Hinman and Bechtel overlapped he answered: "No. No one knows." He testified that neither enumeration included the residents of the county farm, but did not state their number. The county clerk described the boundaries of the township from his office records, and the county superintendent testified that there were 3,537 children residing in the township.

Several specifications of error are alleged, including the objection that the evidence of the enumeration included hearsay as to the occupants of an unspecified number of houses, but it is necessary to consider only the objection that the order or judgment of the court is not sustained by the evidence.

"Such appeal must be entered, tried, and determined the same as appeals from justices' courts" (sec. 4611, Rev. Codes), which means that they must be tried *de novo* (secs. 9755 and 9760, Id.). The question is, therefore, whether the affidavits, or the affidavits and the testimony produced in court, are sufficient to sustain the order or judgment. This question must be answered in the negative.

It is purely a matter of conjecture whether or not the separate enumerations itemized in the affidavits overlapped so as to contain duplications which, if eliminated, would bring the true number of residents below 10,000. The burden is of course upon the plaintiff to prove that the population exceeds that figure. There is no way of telling that the residents of a number of the portions of the township mentioned above are not

included also among the residents of certain streets named. This applies particularly to "Ebert Apartments"; "Settlement in N. P. Yards"; "All Streets north of N. P. Tracks within the city limits"; and "Balance of West side excluding West Callender, West Lewis and West Clark and including 5-acre tracts." "East Callender Street" and "West Callender Street" would ordinarily be considered as including all of the street, and "Callender Street between 2nd and B" would appear prima facie to be a duplication.

However, if there were any doubt of the possibility of duplication, it is effectively removed by the testimony of plaintiff and Bechtel that they did not know whether there was overlapping of enumeration, and plaintiff's further admission, "No one knows."

Plaintiff urges that since the testimony shows average families of four or five members in the township, and 3,537 children residing there, it follows that the total number of residents is at least four times 3,537, or 14,148. The calculation might be justified if the testimony had also established the very remarkable circumstance that the average family consisted of one child and three or four adults, and that no family included more than one child.

The parties have not raised, and it is unnecessary to consider, the question whether for purposes of such issues as raised in this suit, it is competent to prove the number of residents by such informal enumeration as here attempted.

It seems manifest that neither the board of county commissioners nor the district court could properly have determined from the evidence that Livingston township contained 10,000 residents or more, for there is absolutely no evidence in the record so showing.

Accordingly the order or judgment of the district court is reversed with directions to make an order affirming the action of the board of county commissioners in disallowing plaintiff's claim.

ASSOCIATE JUSTICES MORRIS, ERICKSON, ANGSTMAN and ARNOLD concur.